UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
KANAND OJHA,                                                :
:
Petitioner,      :
:                          25-CV-10215 (VSB)
-against-             :
:                              **ORDER**
:
KENNETH GENALO, in his official capacity  :
as Acting Field Office Director, New York Field :
Office, U.S. Immigration & Customs         :
Enforcement. TODD LYONS, In his official   :
capacity as Acting Director, U.S. Immigration :
and Customs Enforcement. PAUL ARTETA, In :
his official capacity as Warden Orange County :
Correctional Facility, KRISTI NOEM, In her  :
official capacity as Secretary of Homeland   :
Security, PAM BONDI, In her official capacity :
as Attorney General,                       :
:
Respondents. :
:
------------------------------------------------------------X

<u>VERNON S. BRODERICK, United States District Judge</u>:

On December 12, 2025 at 10:00 a.m. I held a telephonic status conference attended by the

Government.  At the conference I explained that I had some additional questions for the

Government that I would convey via short order.  When the Government files its brief on or

before December 17, 2025, it shall provide the below documentation:

1. The Government claims that "Petitioner received a bond hearing, at which an
   Immigration Judge denied bond, finding that Petitioner was both a potential
   danger to the community and a flight risk," on October 2, 2025.  (Doc. 7.)  The
   Government shall provide the transcript or recording of the bond hearing, the
   bond decision, and any paperwork related to that decision, including documents
   upon which the immigration judge may have relied in denying bond.

2. The Government claims that "Petitioner was admitted to the United States on a
   visa in July 2015 that was initially valid for 6 months.  ICE advises that the visa
   was revoked five days after issuance due to an outstanding arrest warrant in
   Guyana."  (Doc. 7.)  Please provide the visa, the arrest warrant, and documents

sufficient to show the revocation of the visitor's visa or an explanation of why such documentation cannot be located.

3. Petitioner claims that on September 4, 2025, he "appeared with his wife voluntarily at the USCIS New York field office for" a scheduled interview regarding his adjustment of status, after a I-130 Petition was "swiftly approved." (Doc. 1 ¶¶5–6.)  The Government shall provide any documentation relating to the adjustment of status interview including the I-130 petition approval.  (*Id.* ¶¶4–5.)

4. The parties do not appear to dispute that Petitioner was "served with a Notice to Appear." (*See id.* ¶12; Doc. 7.)  The Government shall provide a copy of the Notice to Appear.

5. The Government shall transmit a copy of the transcript or recording of any immigration hearings that have occurred in December 2025.  Please also expeditiously transmit a copy of the transcript or recording of any hearings that are scheduled to occur throughout the pendency of this litigation, including the "individual merits hearing" scheduled for December 30, 2025.  (Doc. 7.)

6.  The Petitioner submits a September 9, 2025 police letter from Wendell Blanhum, (Doc. 4–2), regarding an "investigation" of petitioner and two news articles from the Guyana Times, (Doc. 4–3–A), and Caribbean National Weekly, (Doc. 4–3–B), which are purportedly DHS exhibits.  The Government shall provide any relevant communications with Guyana authorities in advance of or subsequent to the September 9, 2025 Blanhum letter.  Please also provide any evidence relied upon in support of the decision to detain petitioner on September 8, 2025.  Please also provide any exculpatory evidence in the Government's custody, possession, or control regarding petitioner's relationship to the alleged 2015 murder, including any copy of the October 23, 2025 follow-up letter referenced in the petition. (Doc. 1, ¶¶45–49.)

When the Petitioner files its brief on or before December 22, 2025, it shall provide the below documentation:

1. Petitioner claims he has "requested these documents several times during hearings and by written submissions before the immigration court." (*Id.* ¶50.)  Petitioner shall provide copies of those requests.

2. Petitioner claims that the Government has "refuse[d] to provide the fingerprint card needed for police clearance." (*Id.* ¶68.)  The parties should meet and confer concerning obtaining Petitioner's fingerprints, and Petitioner shall provide an update of the status of those discussions along with his filing.

SO ORDERED.

Dated:    December 12, 2025
          New York, New York

Vernon S. Broderick
United States District Judge